# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| JOEL LAURENT | : | DOCKET NO. 2:06-cv-606<br>Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed on behalf of petitioner, Joel Laurent, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his continued detention by immigration officials. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on April 6, 2006 challenging his continued detention in post-removal-order custody pursuant to INA § 241. In his petition, he states that he is subject to a removal order which became administratively final on October 17, 2005 when the Board of Immigration Appeals affirmed the decision of the immigration judge. Petitioner filed a petition for review with the Fifth Circuit Court of Appeals and sought a stay of removal. *See Laurent v .Gonzales*, 05-60986 (5th Cir. ). The government agreed not to remove petitioner during the pendency of his appeal. *Id.* The Fifth Circuit dismissed his petition on February 24, 2006. *Id.*

Petitioner claims that he has been in post-removal-order detention since October 17, 2005 when his removal order became administratively final. Thus, he claims that he has been detained

beyond the six-month removal period recognized by the Supreme Court as presumptively reasonable in *Zadvydas v. Davis,* 121 S.Ct. 2491, 2498 (2001), and he seeks his immediate release from custody.

## LAW AND ANALYSIS

Section 241 of the Immigration & Nationality Act (INA) governs the detention of aliens who have been ordered removed from the United States. INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal. This period of 90 days is referred to as the "removal period." By operation of INA § 241(a)(1)(B), the removal period begins on the latest of three dates:

(i) The date of the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

During the removal period, the alien is subject to mandatory detention. *See* INA § 241(a)(2). Detention beyond the 90-day removal period is authorized under INA § 241(a)(6) for certain inadmissible or criminal aliens such as petitioner.[1]

It is clear from the facts recited above that petitioner's removal order was judicially reviewed by the Fifth Circuit and that it was agreed that Petitioner would not be removed while the petition for review was pending. Therefore, his removal period did not commence until February 24, 2006 when the Fifth Circuit dismissed petitioner's petition for review. INA § 241(a)(1)(B)(ii).

---

[1]In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for immigration detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

Accordingly, the court finds that petitioner has not been in post-removal-order-detention pursuant to INA § 241(a)(6) beyond the presumptively reasonable six month time period. Therefore, this *habeas corpus* petition challenging petitioner's detention is premature.

For this reason,

**IT IS RECOMMENDED** that the petition be **DENIED AND DISMISSED** as premature.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, June 20, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE